

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-2008

# Along v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1359

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Along v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1277.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1277

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1359

_____

ALONG, (NO NAME GIVEN),
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A96-263-462)
Immigration Judge:  Honorable Miriam Mills

_____

Submitted Under Third Circuit LAR 34.1(a)
March 25, 2008

Before:  McKEE, RENDELL and TASHIMA*, <u>Circuit</u> <u>Judges</u>

(Filed: May 2, 2008)

_____

OPINION OF THE COURT

_____

_____

    * Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

RENDELL, *Circuit Judge*.

Petitioner Along ("Along") seeks review of a January 2007 decision by the Board of Immigration Appeals ("BIA") denying, as untimely, his motion to reopen the BIA's January 2006 decision to dismiss his appeal. For the following reasons, the Petition for Review will be denied.

## BACKGROUND[1]

In May 2001, Along, a native and citizen of Indonesia, entered the United States on a visitor visa. On March 29, 2003—well after his period of authorized stay had expired (November 12, 2001)—Along filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), which was referred to an Immigration Judge ("IJ") for adjudication. On May 19, 2003, Along was issued a Notice to Appear charging him with removability under 8 U.S.C. § 1227(a)(1)(B) as an alien who overstayed his admission as a non-immigrant.

In removal proceedings, Along admitted removability, but requested asylum, withholding of removal, CAT protection, and voluntary departure. In October 2004, the IJ issued an oral decision finding Along removable as charged. The IJ concluded that Along's asylum application was untimely, as he failed to present evidence of extraordinary circumstances or changed country conditions that would justify his filing

---

[1]As we write for the benefit of the parties alone, we need not undergo a lengthy recitation of the facts.

2

for asylum beyond the statutory one-year time period. Moreover, the IJ found that Along had not suffered past persecution on account of his religion or ethnicity and did not demonstrate a well-founded fear of future persecution because his family, then residing in the Indonesian city of Pontianak, had suffered no harm on account of their ethnicity or religion since their relocation.

In November 2005, Along appealed the IJ's decision, and, in January 2006, the BIA dismissed the appeal, affirming the IJ's denial of asylum and withholding of removal.[2] After first agreeing that Along's asylum application had not been timely filed, the BIA next determined, within the context of Along's claim for withholding of removal, that the "various isolated acts reported by [Along], a number which are remote in time, do not constitute persecution, or that he failed to establish that he faced either an individualized risk of persecution, or that there was pattern or practice of persecution against ethnic Chinese Indonesians and/or Christians." (A.R. 49.) In response to Along's assertion that conditions in Indonesia have worsened since the occupation of Iraq by United States forces, the BIA noted that Along had submitted "no evidence in support of this generalized claim," and thus found "no basis upon which a remand in this regard is warranted." (A.R. 49.) Along did not seek review of the BIA's decision by this Court.

In August 2006, however—more than 90 days after the BIA dismissed Along's appeal—Along filed a motion to reopen with the BIA, purportedly based on changed

---

[2]Along did not challenge the IJ's denial of his CAT claim.

country conditions in Indonesia. Along attached to this motion his own affidavit and three letters from family and friends recounting instances of violence by Muslims against neighboring Christians in Indonesia. On January 12, 2007, the BIA denied Along's motion to reopen as untimely, concluding that he "has not established that he is entitled to an exception to the filing requirements for reopening based on a claim for asylum or withholding of removal arising from materially changed circumstances in Indonesia." (A.R. 2.) On February 5, 2007, Along filed a timely petition for review with this Court.

## DISCUSSION

Along raises two issues on appeal. First, he contends that the BIA abused its discretion "in ignoring the fact that the new evidence he is seeking to present constitutes prima facie eligibility for the relief of asylum, withholding of removal, and relief under Article III of the [CAT]." (Appellant's Br. 6.) Second, he claims that the BIA abused its discretion "in disallowing the opening of the case inasmuch as the requirement of providing clear and convincing evidence that the application for asylum is filed within one (1) year violates Petitioner's substantive due process rights and to the equal protection of laws." (*Id.* at 3.) Neither of these issues presents a meritorious ground for relief.

## I.     Motion to Reopen

We review the BIA's denial of a motion to reopen for an abuse of discretion and will not disturb the Board's decision unless it is "arbitrary, irrational, or contrary to law."

*Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005) (internal quotation marks omitted).

As recognized above, the BIA denied Along's motion to reopen on the basis that it was untimely. Under the regulations, a motion to reopen typically "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). An exception to the filing requirement exists, however, if the motion seeks relief "based on changed circumstances arising in the country [of removal], if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). After acknowledging the affidavit and letters that Along submitted in support of his motion to reopen, the BIA concluded that Along was not eligible to take advantage of this exception.

Nowhere in Along's brief on appeal does he challenge the BIA's finding that his motion to reopen was technically untimely,[3] nor does he assert that the evidence he attached to his motion was "material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R.§ 1003.2(c)(3)(ii). Instead, Along argues that "the BIA acted irrationally in ignoring the fact that the new evidence he is seeking to present constitutes prima facie eligibility for the relief of asylum, withholding of removal[,] and relief under Article III of the Convention Against Torture."

_____

[3]Because the BIA issued its final administrative decision in this case on January 13, 2006, Along's motion to reopen was due on or before April 13, 2006. Along did not file his motion to reopen with the BIA until August 21, 2006.

5

(Appellant's Br. 6.)  But while prima facie eligibility for the requested relief is certainly

*necessary* for the grant of a motion to reopen, *see Guo v. Ashcroft*, 386 F.3d 556, 563 (3d

Cir. 2004), it is not *sufficient* when the motion itself is untimely.[4]  The regulations are

clear.  When a motion to reopen based on evidence of changed country circumstances is

filed outside the 90-day window prescribed by the regulations, the motion is time-barred

unless "such evidence is material and was not available and could not have been

discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).  As Along

puts forth no argument that the evidence he presented to the BIA fits within the 90-day

exception, we need proceed no further with this aspect of his appeal.[5]

## II.    Long's Asylum Application

The second issue Along presents for our consideration is his contention that the

one-year asylum application requirement violates his substantive due process rights and

his right to equal protection of the laws.  We are without jurisdiction to entertain this

---

[4] Even when a motion to reopen is timely filed, the BIA "has discretion to deny [that] motion . . . even if the party moving has made out a prima facie case for relief."  8 C.F.R. § 1003.2(a).

[5] Had Along challenged the BIA's ultimate finding that he did "not establish[] that he is entitled to an exception to the filing requirements for reopening" (A.R. 2), he would have been no more successful.  As recognized above, the "new" evidence Along attached to his motion consisted of his own affidavit and three letters from family and friends in Indonesia.  The affidavit recounted instances of violence that Along had already put before the IJ; the letters from his relatives recounted undated instances of violence by Muslims against Christians in the family's home city of Pontianak; and the letter from his friend recounted instances of violence in Jakarta (though no one from Along's family resided in Jakarta).  Based on this evidence, we cannot conclude that the BIA's refusal to grant Along's motion to reopen was an abuse of discretion.

6

aspect of his appeal, however, as the one-year asylum application requirement was not a subject of the BIA's January 12, 2007 decision—the only decision properly before this Court. (*See* Pet. for Review ("Fnu, Along hereby petitions the Court for review of the Order of the Board of Immigration Appeals (Decision of the Board of Immigration Appeals) denying his appeal dated and entered on January 12, 2007.").) Because the time limit for seeking judicial review of the BIA's January 2006 order has long passed,[6] Along has waived his opportunity to challenge the one-year asylum application requirement on appeal.

## CONCLUSION

For the reasons set forth above, the Petition for Review will be denied.

---

[6] In general, an applicant for asylum or withholding of removal has 30 days in which to file a petition for review of an order of removal. 8 U.S.C. § 1252(b)(1). The statutory time frame for filing a petition for review in an immigration case is "mandatory and jurisdictional." *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995) (internal quotation marks omitted). The filing of a motion to reopen or reconsider with the BIA does not toll the time in which to seek judicial review of a final order of removal. *Id.* at 394.

7